# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **AMYBETH FERGUSON**, an individual, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 06-CV-0446-CVE-FHM |
| **PROGRESSIVE DIRECT INSURANCE COMPANY,** | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

## OPINION AND ORDER

This matter comes before the Court pursuant to defendant's Notice of Removal (Dkt. # 2) filed September 30, 2006. Plaintiff originally brought this action in the District Court of Creek County, Oklahoma. Plaintiff's amended petition seeks recovery under an uninsured/underinsured motorist policy issued by defendant and damages for defendant's breach of the duty of good faith and fair dealing under the insurance contract. In the amended petition, plaintiff seeks actual and punitive damages in excess of $10,000.[1]

Defendant removed this action to this Court on the basis of diversity jurisdiction. Defendant contends that diversity jurisdiction is properly invoked here because defendant Progressive Direct Insurance Company ("Progressive") is a foreign corporation incorporated in Ohio with its principal

---

[1] In Oklahoma, the general rules of pleading require that:

> [e]very pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,000) shall, without demanding any specific amount of money, set forth only that amount sought as damages is in excess of Ten Thousand Dollars ($10,000), except in actions sounding in contract.

Okla. Stat. tit. 12, § 2008(2).

place of business in Ohio, and plaintiff is a citizen and resident of Oklahoma. Defendant further contends the federal jurisdictional amount in controversy is met, alleging that:

> Plaintiff seeks recovery of an amount that exceeds $75.000.00, exclusive of costs and interest. *See* Okla. Stat. Tit. 23 § 9.1(B) (authorizing, upon a finding of reckless conduct, the jury to award punitive damages in an amount which is the greater of either $100,000.00 or actual damages); Okla. Stat. Tit. 23 § 9.1(C) (authorizing, upon a finding of intentional and malicious conduct, the jury to award punitive damages in an amount which is the greater of either (a) $500,000.00, (b) twice the amount of actual damages awarded, or (c) the increased financial benefit derived by the insurer as a direct result of the conduct causing the injury to the plaintiffs and to other persons and entities). By making these specific allegations of intentional, reckless and malicious conduct, Plaintiff quite clearly seeks recovery of an amount which exceeds $75,000.00, exclusive of costs and interest. *See Bell v. Preferred Life Assur. Soc.'y*, 320 U.S. 238, 240 (1943) (where both actual and punitive damages are recoverable under a complaint each must be considered in determining jurisdictional amount); *Jones v. Farmers Ins. Exchange of Los Angeles, CA*, 112 F.Supp. 952 (W.D. Okla. 1953).

Dkt. # 2, ¶ 10.

Section 1447 requires that a case be remanded to state court if at any time before final judgment it appears the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Initially, the Court notes that federal courts are courts of limited jurisdiction. With respect to diversity jurisdiction, "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

In order for a federal court to have diversity jurisdiction, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). The Tenth Circuit has clarified the analysis which a district

court should undertake in determining whether an amount in controversy is greater than $75,000. The Tenth Circuit stated:

> [t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the "<u>underlying facts</u> supporting [the] assertion that the amount in controversy exceeds [$75,000]." Moreover, there is a presumption against removal jurisdiction.

<u>Laughlin v. Kmart Corp.</u>, 50 F.3d 871, 873 (10th Cir. 1995) (citations omitted) (emphasis in original); e.g., <u>Hughes v. E-Z Serve Petroleum Marketing Co.</u>, 932 F. Supp. 266 (N.D. Okla. 1996) (applying <u>Laughlin</u> and remanding case); <u>Barber v. Albertson's, Inc.</u>, 935 F. Supp. 1188 (N.D. Okla. 1996) (same); <u>Martin v. Missouri Pacific R.R. Co. d/b/a Union Pacific R.R. Co.</u>, 932 F. Supp. 264 (N.D. Okla. 1996) (same); <u>Herber v. Wal-Mart Stores</u>, 886 F. Supp. 19, 20 (D. Wyo. 1995) (same); <u>Homolka v. Hartford Ins.. Group, Individually and d/b/a Hartford Underwriters Ins.. Co.</u>, 953 F. Supp. 350 (N.D. Okla. 1995) (same); <u>Johnson v. Wal-Mart Stores, Inc.</u>, 953 F. Supp. 351 (N.D. Okla. 1995) (same); <u>Maxon v. Texaco Ref. & Marketing Inc.</u>, 905 F. Supp. 976 (N.D. Okla. 1995) (same).

Further, "both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." <u>Laughlin</u>, 50 F.3d at 873; see also <u>Associacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (Anpac) v. Dow Quimica de Colombia S.A.</u>, 988 F.2d 559, 565 (5th Cir. 1993) (finding defendant's conclusory statement that "the matter in controversy exceeds [$75,000] exclusive of interest and costs" did not establish that removal jurisdiction was proper); <u>Gaus v. Miles, Inc</u>, 980 F.2d 564 (9th Cir. 1992) (mere recitation that the amount in controversy exceeds $75,000 is not sufficient to establish removal jurisdiction).

Where the face of the complaint does not affirmatively establish the requisite amount in controversy, the plain language of Laughlin requires a removing defendant to set forth, in the removal documents, not only the defendant's good faith belief that the amount in controversy exceeds $75,000, but also facts underlying the defendant's assertion. In other words, a removing defendant must set forth specific facts which form the basis of its belief that there is more than $75,000 at issue in the case. The removing defendant bears the burden of establishing federal court jurisdiction at the time of removal, and not by supplemental submission. Laughlin, 50 F.3d at 873. See Herber, 886 F. Supp. at 20 (holding that the jurisdictional allegation is determined as of the time of the filing of the notice of removal). The Tenth Circuit has clearly stated what is required to satisfy that burden. As set out in Johnson v. Wal-Mart Stores, Inc., 953 F. Supp. 351 (N.D. Okla. 1995), if the face of the petition does not affirmatively establish that the amount in controversy exceeds $75,000.00, then the rationale of Laughlin contemplates that the removing party will undertake to perform an economic analysis of the alleged damages with underlying facts.

In the instant case, in her amended petition, plaintiff has asserted claims for both contractual and extra-contractual damages, including financial losses and a claim for punitive damages, "in excess of $10,000.00." Dkt. # 2, Amended Petition at 2. Therefore, the amount in controversy is not met by the face of the amended petition.

Moreover, in its notice of removal, defendant asserts that the amount in controversy is established by plaintiff's claim for punitive damages based Oklahoma law that authorizes, upon a finding of reckless conduct, the jury to award punitive damages in the amount of $100,000 or actual damages, whichever is greater. Defendant also asserts that the amount in controversy is established based on Oklahoma law that authorizes, upon a finding of intentional or malicious conduct, the jury

to award punitive damages in the amount of the greater of either (a) $500,000, (b) twice the amount of actual damages awarded, or (c) the increased financial benefit derived by the insurer as a direct result of the conduct causing the injury to the plaintiff. Dkt. # 2, ¶ 10. Again, defendant fails to set forth any underlying facts to support these conclusory statements.

The Court finds that defendant's conclusory statements do not constitute an analysis of the alleged damages as contemplated by the Tenth Circuit in <u>Laughlin</u>. The Court concludes that removal is improper on the basis of diversity jurisdiction since it has not been established, either in plaintiff's amended petition or in defendant's notice of removal, that the amount in controversy here exceeds $75,000.

Based upon a review of the record, the Court holds that defendant has not met its burden as defined in <u>Laughlin</u>. Thus, the Court is without subject matter jurisdiction and lacks the power to hear this matter. As a result, the Court must remand this action to the District Court of Creek County. Accordingly, the Court hereby orders the Court Clerk to **remand** this case to the District Court in and for Creek County.

**IT IS SO ORDERED** this 5th day of September, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT